Juan Stephen ANAYA, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–98–0196–CR

Court of Appeals of Texas, Amarillo.

Feb. 10, 1999.

Warren L. Clark, Amarillo, for appellant.

Rebecca King, Dist. Atty., John L. Owen, Asst. Dist. Atty., Amarillo, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

DON H. REAVIS, Justice.

Upon a not guilty plea, appellant Juan Stephen Anaya was convicted of the offense of indecency with a child by sexual contact, enhanced, and punishment was assessed at 30 years confinement. By a sole issue, appellant contends he was denied effective assistance of counsel. Based upon the rationale expressed herein, we will affirm.

Appellant does not challenge the sufficiency of the evidence. Thus, only the facts necessary to the resolution of appellant's issue will be developed herein. The victim, along with her older sister and a young cousin, resided with her mother and appellant for many years. Appellant was looked upon as a father figure by the children. Several instances of inappropriate touching were reported by the victim to her aunt, and on July 16, 1997, the aunt reported the allegations of molestation to the police. The investigating officer made a report and contacted a case worker with Child Protective Services, who investigated the complaint.

Appellant was indicted on one count of indecency with a child regarding the victim, and by separate indictments was charged with one count of indecency with a child and one count of aggravated sexual assault regarding the victim's older sister. Upon commencement of the trial, the three indictments were read in open court, to which appellant pleaded not guilty. The jury returned a guilty verdict on the count for indecency with a child as to the victim the subject of this appeal, but returned not guilty verdicts on the two counts regarding the older sister.

By his single issue, appellant presents three instances he contends rendered his trial counsel ineffective. Specifically, he asserts counsel's performance was ineffective because (1) she elicited otherwise inadmissible extraneous offenses, (2) she opened the door for the State to present evidence of other extraneous offenses, and (3) during final argument, counsel's comments "served to denigrate" appellant's credibility.

During his testimony, appellant denied having any sexual contact with either the victim or her older sister. He did admit that he was an alcoholic and that at times, he engaged in "some pretty major fights" with the victim's mother. Trial counsel then asked appellant if he had "gotten in trouble for some other things" to which appellant responded affirmatively, and the following colloquy occurred:

Q. What did you go to prison for, Stephen?

A. Burglary of a vehicle and burglary of a building.

\* \* \*

Q. **Have you been in trouble for anything else?** (Emphasis added).

A. I had a criminal mischief.

Q. And that was a case involving a former girlfriend?

A. Yes, ma'am.

Q. That's been a long time ago?

A. Oh, yeah, in my high school years.

\* \* \*

Q. Okay, You've gotten in trouble for having dope or pot?

A. Yes, ma'am.

Q. You've been convicted of possession of marijuana before?

A. Misdemeanor, yes.

Q. Misdemeanor. **Do you have any other convictions?** (Emphasis added).

A. No, ma'am, not that I can think of. Really just like tickets and——

On cross-examination, the prosecutor questioned appellant regarding other extraneous offenses. Specifically, appellant was asked about a 1988 conviction for public intoxication, a 1990 burglary of a habitation charge which he denied, a 1990 criminal mischief accusation which he also denied, and a 1996 hit-and-run accident. Upon twice denying the hit-and-run accusation, defense counsel asked to approach the bench and posed the following objection:

[Defense counsel]: I'm going to object to this further cross-examining about extraneous offenses that he doesn't have convictions on.

If he is talking about unadjudicated offenses and he would like to bring them up outside the jury's presence and prove them up we don't have any objection to that. At this point we believe they are objectionable not only based on the motion in limine but under the rules of evidence.

[Prosecutor]: Judge, I'm entitled, once she puts her question, "Have you ever been in trouble with the law before?" and names specifically the times that he has got [sic] convictions and times when he has been in trouble with the law because otherwise it would leave the misimpression with the jury that that's the only time he has been in trouble with the law.

\* \* \*

Following this dialogue, the trial court overruled defense counsel's objection. The State

then introduced one more extraneous offense allegedly committed by appellant in 1992, when he falsely identified himself to a peace officer. Appellant stated he could not remember whether the incident occurred.

An accused puts his character for veracity in issue by testifying, and thus may be impeached in the same manner as any other witness. *Hammett v. State*, 713 S.W.2d 102, 105 (Tex.Cr.App.1986). When attacking the credibility of a witness, evidence of prior convictions shall be admitted if elicited from the witness or established by public record, but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting the evidence outweighs its prejudicial effect. Tex.R. Evid. 609(a).[1] An exception, however, applies to Rule 609 when a witness makes statements concerning his criminal past which create a false impression with the jury as to the extent of either his prior (1) arrests, (2) convictions, (3) charges or (4) "trouble" with the police. *Prescott v. State*, 744 S.W.2d 128, 131 (Tex.Cr.App.1988); *see also Hammett*, 713 S.W.2d at 105. Where a witness creates a false impression of his criminal past, he "opens the door" for opposing counsel to expose the falsehood by introducing inadmissible criminal conduct. *Delk v. State*, 855 S.W.2d 700, 704 (Tex.Cr.App.1993). In determining to what extent a colloquy "opened the door," we examine how broadly one would interpret the question asked. *Id.*

Here, after defense counsel elicited extraneous offenses from appellant, she asked, "Have you been in trouble for anything else"? and also asked, "Do you have any other convictions"? Appellant replied, "No, ma'am, not that I can think of." This statement created the impression that appellant had disclosed all his "troubles" and all his convictions. However, counsel's overly broad questions "opened the door" for the prosecution to inquire about otherwise irrelevant and inadmissible extraneous offenses regardless of whether he had been convicted of them, in order to expose the false impression left with the jury. Because we find that defense coun-

1. Formerly Tex.R.Crim. Evid. 609(a).

sel's conduct permitted the prosecution to introduce otherwise irrelevant and inadmissible criminal conduct, we now determine whether appellant was denied effective assistance of counsel.

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established a two-pronged test for determining ineffective assistance of counsel. As adopted in full in Texas in *Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr.App.1986), under *Strickland* a defendant must establish that (1) counsel's performance was deficient and (2) there is a reasonable probability that counsel's deficient performance prejudiced the defense. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Cr.App.1994). To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

▆▆▆ The adequacy of defense counsel's representation is based upon the totality of the representation rather than by isolated instances of error by defense counsel, *Garcia v. State*, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), and is not to be judged by hindsight. *Ex Parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Cr.App.1993), *cert. denied*, 510 U.S. 840, 114 S.Ct. 122, 126 L.Ed.2d 87 (1993). A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695. To sustain a challenge of ineffective assistance, a defendant must overcome the presumption by a preponderance of the evidence, *Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Cr.App. 1984), that counsel's conduct might be considered sound trial strategy. *Jackson*, 877 S.W.2d at 771–72. An allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Rico v. State*, 707

S.W.2d 549, 556 (Tex.Cr.App.1983). Therefore, although the constitutional right to counsel guarantees the right to reasonably effective assistance, it does not mean errorless counsel. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Cr.App.1984).

▆▆▆ When, as here, the adequacy of trial counsel's assistance is based upon acts of commission rather than omission, the evidence necessary to support appellant's ineffective assistance allegation is shown by the record. Reviewing the totality of trial counsel's representation, and mindful of the presumption that counsel's conduct falls within the range of reasonable representation, we nevertheless conclude that there could be no sound trial strategy in eliciting inadmissible offenses and opening the door to the introduction of additional inadmissible evidence. Therefore, we hold that counsel's conduct fell below the objective standard of reasonableness under prevailing professional norms. *Ex Parte Menchaca*, 854 S.W.2d 128, 131 (Tex.Cr.App.1993). The first prong of *Strickland* has been satisfied.[2]

We must now determine whether counsel's deficient performance was sufficient to undermine our confidence in the jury's verdict. When addressing the second prong of *Strickland*, we review counsel's errors not as isolated incidents, but in the context of the entire record. *Bridge v. State*, 726 S.W.2d 558, 571 (Tex.Cr.App.1986). Appellant was tried on three separate indictments and the jury returned a guilty verdict only on the count of indecency with a child regarding the victim in this appeal. Both the victim and her older sister testified and gave their versions of instances of improper conduct by appellant. On the other hand, appellant vehemently denied all allegations of sexual encounters with either the victim or her older sister. No expert, medical or scientific evidence was offered to support the allegations. Notwithstanding evidence of appellant's past criminal conduct, the jury chose to give more credence to appellant's testimony than the testimony of the older sister and found him not guilty on two of the indictments. Thus, be-

---

**2.** Because we conclude that the first prong of *Strickland* was met, we do not decide whether defense counsel's comments during final argu-

ment (*i.e.* appellant is "not a nice man"), fell below the objective standard of reasonable representation.

cause the jury returned not guilty verdicts on two indictments, we conclude that the jury was not influenced by appellant's past criminal behavior in reaching a guilty verdict on the count of indecency with a child which related to the younger sister. Although counsel's performance was deficient, we do not find that it was sufficient to undermine our confidence in the verdict and thus hold that appellant was not denied effective assistance of counsel. Issue one is overruled.

Accordingly, the judgment of the trial court is affirmed.

QUINN, J., concurring.

QUINN, Justice, concurring.

I concur in the result reached by the majority but for reasons other than those it expressed. In assessing whether counsel was effective, we presume that she was. *Beck v. State*, 976 S.W.2d 265, 266 (Tex. App.—Amarillo 1998, pet. ref'd); *Rodriguez v. State*, 955 S.W.2d 171, 176 (Tex. App.—Amarillo 1997, no pet.). Not only does this mean that we assume counsel's actions and decisions were reasonably professional but also that they were motivated by sound trial strategy. *Id.* So, the burden lies with the appellant to rebut these presumptions with evidence illustrating why trial counsel did what she did. *Id.* at 176–77. Here, the record contains no such evidence. Rather, I am left to speculate about the reasoning, if any, underlying counsel's decision to ask the questions she did. It may be that she had none. Or, it may be that she attempted to be open and honest with the jury and thereby curry its favor. See *Baber v. State*, 931 S.W.2d 359, 362 (Tex. App.—Amarillo 1996, pet. ref'd) (labeling this technique as "cooperative honesty"). Or, maybe she wanted to show that while her client committed criminal acts in the past, none were in anyway akin to those for which he was being tried, and he therefore did not commit any indecencies with the two minors. Yet, as can be seen, I am forced to speculate upon it. Because I am, appellant did not carry his burden and rebut the presumptions mentioned above. *Beck v. State, supra; Rodriguez v. State, supra.*

In sum, I too would affirm the judgment but for the reasons expressed herein.