NO. 07-05-0346-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 28, 2006
_____

JULIO CESAR DELACRUZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B-15,490-0404; HON. ED SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Julio Cesar Delacruz, appeals from a judgment revoking his community supervision. He had previously been convicted of assault, and the trial court suspended his five-year sentence and placed him on community supervision. Thereafter, the State moved to revoke appellant's community supervision. The motion was granted. Now two issues lie before this court. Both concern the effectiveness of appellant's counsel and the revocation hearing. We overrule each and affirm the judgment.

### *Issue One – Admitting His Identity*

Through the first issue, appellant contends that his attorney was deficient because he allowed appellant to admit (via written stipulation) that he was the person who was originally convicted of assault. Yet, in addition to executing the stipulation, appellant appeared and testified at the revocation hearing. Furthermore, the first question asked of him concerned whether he was the individual previously convicted of assault in Cause No. B-15,490-040. The latter cause is the very same one from which the revocation proceeding arose. And, most importantly, appellant answered "yes, sir" to the question propounded by the State. Thus, it matters not what appellant may have said in the written stipulation since he orally confirmed his identity as the defendant previously convicted of assault and placed on probation. Moreover, while appellant says much about the State having to prove identity, he cites us to no evidence suggesting, much less illustrating, that it would have encountered any difficulty in fulfilling that burden without execution of the prior stipulation. *See Andrews v. State,* 159 S.W.3d 98, 101 (Tex. Crim. App. 2005) (stating that, among other things, one claiming ineffective assistance of counsel must establish prejudice arising from that deficient performance).

Additionally, appellant acknowledged in his brief that his counsel chose a strategy of admitting that which the State could easily prove and fighting that which it could not. *See Wood v. State,* 4 S.W.3d 85, 91 (Tex. App.–Fort Worth 1999, pet. ref'd) (holding that one is not ineffective when foregoing futile arguments or objections). Accompanying this strategy of cooperation, which courts have recognized as legitimate, *see e.g., Baber v. State,* 931 S.W.2d 359, 362 (Tex. App.–Amarillo 1996, pet. ref'd); *Miller v. State,* No. 05-

99-01740-CR, 2001 Tex. App. LEXIS 26 at *10 (Tex. App.–Dallas January 3, 2001, no pet.) (not designated for publication), was a request that appellant remain on probation. Together, they may be viewed as components of an effective trial strategy. At the very least, reasonable minds could differ on it, and, thus, the trial court did not abuse its discretion in denying appellant a new trial on that ground. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex. Crim. App. 1993) (holding that whether to grant a new trial lies within the trial court's discretion); *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (stating that a trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement).

### *Issue Two – Void Conditions of Probation*

Next, appellant argues that his counsel was deficient since he did not attack various conditions of his probation. These conditions were purportedly void because they would have required him to enter the United States illegally to perform them.[1] Yet, the conditions at issue go unmentioned. And, assuming they included all those itemized within the State's motion to revoke, we remain left to guess about why his presence in the United States was necessary for him to pay the fees and costs which he failed to pay or why he could not report to his probation officer by mail. These were conditions which the State proved and the court found he breached.

In short, appellant's contention is bereft of both explanation and citation to authority suggesting that the conditions imposed were void under the circumstances. Thus, he did not prove that trial counsel acted unreasonably in failing to attack them. At the very least,

---

[1] Appellant was an illegal alien whom the United States arrested and deported upon his conviction for assault.

3

reasonable minds could differ on it, which effectively insulates from attack the trial court's decision to deny him a new trial.

Having overruled appellant's issues, we affirm the judgment of the trial court.


          Brian Quinn
          Chief Justice


Do not publish.