NO. 07-08-0087-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 16, 2008

______________________________

DELVETRA LASHERL JENNINGS, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 64
TH
 DISTRICT COURT OF HALE COUNTY;

NO. A17,382-0710; HON. ROBERT W. KINKAID, JR., PRESIDING

_______________________________

Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 

Delvetra Lasherl Jennings was indicted for burglary of a habitation with intent to commit aggravated assault.  Yet, a jury convicted her of a lesser crime, that being burglary of a habitation with intent to commit simple assault.  Here, she complains of the jury charge and asserts that the trial court erred in 1) omitting from it a verdict form that permitted the jurors to find her “not guilty” of any offense, 2) improperly commenting on the evidence via  the charge, and 3) omitting from the charge the purportedly lesser-included offenses of assault and criminal trespass.  We affirm the judgment.

Background

Appellant and the victim Michael Ray entered into a relationship whereby Ray agreed to install a new engine in appellant’s automobile.  She paid him $750, but Ray did not complete the work.  On October 8, 2007, appellant, her boyfriend Preston Alexander, and a third unidentified man entered Ray’s home through the front door, without knocking, assaulted him, and vandalized his house.  

Issue 1  - “Not Guilty” Verdict Form 

In her first issue, appellant complains that the trial court erred in failing to submit to the jury a “not guilty” form with respect to the crime for which she was ultimately convicted.  We overrule the issue.

 Three verdict forms were submitted to the jury.  They allowed the jury to find appellant either not guilty of burglary of a habitation with intent to commit aggravated assault, guilty of burglary of a habitation with intent to commit aggravated assault, or guilty of burglary of a habitation with intent to commit assault.  No request was made, however, for a form allowing the jury to find appellant not guilty of the lesser charge.  Nor did appellant object to its absence.  Thus, she waived the complaint.  
Contreras v. State, 
54 S.W.3d 898, 906 (Tex. App.–Corpus Christi 2001, no pet.) (holding that the failure to include a “not guilty” form was not fundamental error and required an objection to preserve it for appellate review); 
Hegar v. State, 
11 S.W.3d 290, 298 (Tex. App.–Houston [1
st
 Dist.] 1999, no pet.) (holding that the complaint about improper verdict forms had been waived due to the failure to object at trial); 
Uzal v. State, 
No. 03-99-0242-CR, 2000 Tex. App. 
Lexis 
79 at *2-3 (Tex. App.–Austin January 6, 2000, no pet.) (not designated for publication) (holding that the omission of a not guilty form is not fundamental error)
.
(footnote: 1) 

Issue 2 - Comment on the Weight of the Evidence
  

Appellant next complains about a portion of the trial court’s charge being a comment on the weight of the evidence.  Yet, she did not object to it below.  Thus, the complaint was not preserved for review, and we overrule it.  
Contreras v. State, 
54 S.W.3d at 906 (holding that the failure to object to an alleged comment on the weight of the evidence waives the claim); 
Martinez v. State
, 691 S.W.2d 791, 793 (Tex. App.–El Paso 1985, no pet.) (holding the same).

Issue 3 - Lesser-Included Offenses

Finally, appellant contends that the trial court erred in failing to instruct the jury on the purported lesser-included offenses of simple assault and criminal trespass.  We overrule the issue.

A party is entitled to an instruction on a lesser offense if 1) the lesser offense is included in the proof necessary to establish the greater offense, and 2) some evidence exists that would permit a jury to rationally find that if the defendant is guilty, he is guilty only of the lesser offense.  
Rousseau v. State, 
855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993).  In applying the first prong, we compare the elements of the lesser crime to those of the greater as the latter is described in the indictment.  
Hall v. State, 
225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).  In other words, if the elements of the supposed lesser offense are not included in the wording of the crime contained in the indictment, it is not a lesser-included offense.   

As previously mentioned, the State charged appellant with burglary of a habitation with the intent to commit aggravated assault.  It described the crime in the indictment by alleging that she “with intent to commit the felony . . . of aggravated assault, intentionally or knowingly enter[ed] a habitation, without the effective consent of Michael Ray, the owner thereof.”  To see if the first lesser offense sought by appellant (assault) falls within that verbiage, we turn to the applicable statute and discover that assault consists of 1) intentionally, knowingly, or recklessly causing another bodily injury, 2) intentionally or knowingly threatening another with imminent bodily injury, or 3) intentionally or knowingly causing physical contact with another under various circumstances (none of which are applicable here).  
Tex. Penal Code Ann.
 § 22.01(a) (Vernon Supp. 2008).  Comparing the elements of the two crimes reveals that the burglary accusation does not require proof of bodily injury, threats, or touching while assault does.  For this reason, simple assault is not a lesser-included offense of burglary consisting of the entry into a habitation with the intent to commit aggravated assault
.  
Rojas
 
v. State, 
No. 07-05-0359-CR, 2006 Tex. App. 
Lexis 
3222 at *4 (Tex. App.–Amarillo April 20, 2006, pet. ref’d) (not designated for publication) (involving burglary described as entry with the intent to commit assault); 
see also Jacob v. State, 
892 S.W.2d 905, 909 (Tex. Crim. App. 1995) (stating that aggravated assault itself is not a lesser offense of burglary of a habitation with intent to commit aggravated assault).      As for criminal trespass, it is defined as entering or remaining on or in property or a building of another without the other’s effective consent “and” 
having notice that the entry was forbidden or receiving notice to depart but failing to do so.  
Tex. Penal Code Ann. 
§ 30.05(a)(1) & (2) (Vernon Supp. 2008).  Comparing this offense to that alleged in the indictment reveals that the latter omits the element of notice, 
i.e.
 either notice that entry was forbidden or notice to depart.  So, the facts necessary to convict one of criminal trespass are not within the scope of the offense alleged in the indictment.  Thus, it too is not a lesser-included offense.  
See Salazar v. State, 
259 S.W.3d 232, 233-34  (Tex. App.– Amarillo 2008, pet. granted) (holding that criminal trespass was not a lesser-included offense of burglary given the element of notice in the former which was absent from the latter).  

Having overruled all of appellant’s issues, we affirm the judgment. 

Brian Quinn 

          Chief Justice

Publish.ir.”      

The injury to Bell during the struggles in the parking lot at George’s restaurant was the basis for the charge in cause number 98-1980, out of which this appeal arises.  The injury to Edwards during the struggles at the county jail was the basis for a separate charge of assault on a public servant
 performing his duty.  The two charges were tried together.  Appellant was convicted of both charges.  He was sentenced by the court to serve concurrent 15 year terms of confinement.

By his sole issue, appellant asserts that trial counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and article One
, Section Ten of the Texas Constitution
.  The issue is founded on three bases: (1) during trial, counsel both actively elicited evidence of and opened the door to additional evidence of extraneous crimes, wrongs, and bad acts by appellant; (2) counsel placed appellant’s character in issue; and (3) counsel failed to object to hearsay evidence that a doctor had diagnosed appellant as not having the epilepsy which appellant claimed to have, and which evidence undercut one of the defense’s theories.  In urging the issue, appellant notes that trial counsel’s defensive strategy is “fairly apparent from the record.  It centered around eliciting evidence in order to establish a possible self-defense claim and to enable him to request instructions on certain lesser-included offenses in the charge.”  Appellant’s brief then notes that the strategies appear facially sound, appellant’s trial counsel acted consistently with them, the self-defense claim was based on appellant’s extensive history with law enforcement and appellant’s claim that he was a seizure-prone epileptic, and that through his strategy, trial counsel was able to get most of his defensive requests included in the jury charge.  Trial counsel is criticized, however, for his tactical management of the defensive theories by eliciting and allowing a “landslide” of damaging evidence, “most of which” either was not or would not have been admissible otherwise.  The conclusion drawn by appellant on appeal, in hindsight, is that the evidence complained of was only “loosely relevant” to the defensive theories, and taken as a whole, was far more damaging to appellant’s defense than it was beneficial.  The further conclusions asserted by appellant are that (1) the eliciting of and allowing introduction of the complained of evidence could not have been part of any conceivable trial strategy, and (2) the deficiencies complained of are such that confidence in the outcome of the trial is, to a reasonable probability, undermined.  We disagree.      

LAW

When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis which was set forth by the United States Supreme Court in 
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)
 for determining ineffective assistance of counsel claims under
 the Sixth Amendment to the United States Constitution
: 
(1) did the defense attorney’s representation fall below an objective standard of reasonableness under the prevailing professional norms, and if so, (2) was there a reasonable probability that but for counsel’s unprofessional errors, the result of the proceedings would have been different.  
See
 
Hernandez v. State
, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting 
Strickland
 as applicable standard under Texas Constitution).
 
 Judicial review of an ineffective assistance of counsel claim must be highly deferential to the counsel and avoid using hindsight to evaluate counsel’s actions.  
Ingham v. State
, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984).  There is a strong presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.  
Strickland
, 466 U.S. at 689, 104 S.Ct. at 2065.  Appellate courts look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel.  
Ex Parte Felton
, 815 S.W.2d 733,735 (Tex.Crim.App. 1991).

  
 The burden is on appellant to prove by a preponderance of the evidence that counsel was ineffective.  
Cannon v. State
, 668 S.W.2d 401,403 (Tex.Crim.App. 1984). 
 The appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  
Jackson v. State
, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).  The appellant asserting ineffective assistance must present a record with evidence of the reasons that the alleged ineffective assistance actions or omissions were not trial strategy.  If the record is silent about the reasons for the questioned actions or omissions, then an appellate court would have to speculate as to the reasons for the actions or alleged omissions on the part of trial counsel. A decision based on speculation would be based on no evidence; even though the actions or omissions complained of might be objectively unreasonable representation under the first prong of the 
Strickland
 test.  
Id.
 

If appellant demonstrates deficient assistance of counsel, it is then necessary that appellant also affirmatively prove prejudice as a result of the deficient assistance.  
McFarland v. State
, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996).
  In proving prejudice, appellant must prove a reasonable probability that but for counsel’s errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Hernandez
, 726 S.W.2d at 55.  

ANALYSIS

No hearing was held on appellant’s motion for new trial.  Trial counsel’s motives for his actions are not the subject of proof in the record.  Appellant relies heavily on 
Anaya v. State
, 988 S.W.2d 823 (Tex.App.--Amarillo 1999, no pet.), to overcome the requirement that he must offer proof of or point to record evidence of trial counsel’s motives for actions or omissions which are bases for ineffective assistance claims.  Appellant cites 
Anaya
 for the proposition that in some instances, when the adequacy of trial counsel’s assistance is based on acts of commission, the record itself is sufficient proof of ineffective assistance. 

The majority opinion in 
Anaya
 made the observations cited by appellant.  Justice Quinn, however, in his concurring opinion, opined that although the alleged ineffective assistance was based on acts reflected by the record, it was still incumbent on appellant to prove that counsel’s actions were not motivated by sound trial strategy, and appellant did not do so.  
See
 
Anaya
, 988 S.W.2d at 827 (Quinn,J.,concurring).   Regardless of which approach we use in the case before us, however, appellant does not overcome the presumption that trial counsel’s actions were motivated by sound trial strategy.  

In examining the record for proof of counsel’s motivation, we find none.  In evaluating whether certain actions by trial counsel themselves, without separate proof of motives of trial counsel in taking the actions, prove counsel ineffective, this record does not contain such actions.  We must consider 
the totality of the representation and the particular circumstances of the case in evaluating the effectiveness of counsel.  
See
 
Ex parte Felton
, 815 S.W.2d at 735.  In doing so as to appellant’s trial counsel, we begin with appellant’s brief.  In the brief, appellant’s able appellate counsel acknowledges (even without separate proof of motive, 
see
 
Jackson
, 877 S.W.2d at 771
) that trial counsel had 
a facially sound trial strategy, and acted consistently with that strategy.  The allegation of ineffectiveness is based on the conclusion, looking back on the trial, that trial counsel so poorly executed the “facially sound” strategy as to have failed to function as effective counsel by going too far and introducing an exhibit outlining the extraneous offenses, crimes, wrongs and bad acts which the State had disclosed to counsel over a week before trial, failing to object to testimony that appellant had at one time injured Landa’s mother, by calling a witness to testify that appellant acted properly around her grandchildren and in her house, and by failing to object to one piece of hearsay evidence concerning a doctor’s diagnosis that appellant did not suffer epilepsy, as he claimed he did.     

The record reflects that trial counsel was faced with a not untypical choice: how to defend against several seemingly credible witnesses who testified that the defendant did what the State charged.  In this case, the State presented testimony of Heying, who was effectively a stranger to appellant with no apparent motive to fabricate testimony, appellant’s cousin Landa, and two law enforcement officers.  The testimony of those witnesses was unequivocal and consistent.  The record evidences no witness to the incidents (other than appellant) who would reasonably have contradicted the State’s witnesses.  Heying’s husband Randy was a witness to some of the incident, but he was angry at appellant for allegedly harassing Heying.  Deputy Laws did not testify, but the record contains no inference that he would have testified adversely to Edwards and Bell.  That left, as is so many times the situation, the defendant.  If appellant did not testify differently from the State’s witnesses, there was no need to have him testify.  If appellant testified and contradicted the State’s witnesses, as he did, he was going to be impeached by the State with a great deal, if not all, of the evidence about which appellant makes complaint.  Appellant’s counsel introduced the impeachment evidence on direct examination of appellant and was thus able to allow appellant to explain the extraneous crimes and bad acts in his own way, without being under the pressure of impeachment cross-examination by what the record shows to have been a well-prepared and able district attorney.    

Landa’s non-responsive testimony on cross-examination by appellant’s counsel, to the effect that her mother had previously had difficulties with appellant, opened the door through which the State was able to elicit the specifics of the problems. 
 Even if we assume that admission of such testimony was due to errors by counsel, 
however, in light of the evidence against appellant, such testimony, as well as the testimony that a doctor diagnosed appellant as not having epilepsy, and the rebuttal testimony complained of as being brought about by counsel’s placing appellant’s character in question, 
do not prove to a reasonable probability that the result of the proceeding would have been different.  The complained of errors, given this record, are not sufficient to undermine confidence in the outcome.  
Hernandez
, 726 S.W.2d at 55.  

We conclude that under this record, appellant has not met the burden of proving that counsel was ineffective and that appellant was prejudiced by the matters complained of.  
See
 
Strickland
, 466 U.S. at 687, 104 S.Ct. at 2064-66, 2068; 
Hernandez
, 726 S.W.2d at 55, 57.
 We overrule appellant’s sole issue.  The judgment of the trial court is affirmed.

Phil Johnson

     Justice

Do not publish.

FOOTNOTES
1:
We have held that verdict forms need not be provided to the jury.  
Hernandez v. State
, No. 07-96-0251-CR, 1997 Tex. App. 
Lexis
 1958 at * 13 (Tex. App.–Amarillo April 15, 1997, pet. ref’d).  Consequently, they are not part of the court’s charge to the jury.  
Id.
  That being so, the failure to raise complaints regarding the verdict forms is not subject to the harm analysis described in 
Almanza v. State
, 686 S.W.2d 157 (Tex. Crim. App. 1985), for 
Almanza
 encompasses error in the court’s 
charge
.  
Id.
 at 171.